**FILED**
SUPERIOR COURT
OF GUAM

2019 JAN 23 PM 4: 28

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0655-17 |
| vs. | DECISION AND ORDER |
| MB KOTTO, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 20, 2018, for hearing on Defendant MB Kotto's ("Defendant") Motion for Acquittal. Defendant was present with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Thomas Neuman was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Jury Selection and Trial for this matter began on October 10, 2018. At trial, Defendant faced the following charges: (1) Aggravated Assault (As a Second Degree Felony) – 2 Counts, with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Aggravated Assault (As a Third Degree Felony) – 2 Counts, with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony); (3) Assault (As a Misdemeanor); and (4) Family Violence (As a Misdemeanor). (Indictment, Dec. 1, 2017).

*People v. Kotto*
Case No. CF0655-17
Decision and Order

On November 15, 2018, the jury found Defendant guilty of one count of Assault (As a lesser included offense to Charge One, Count One) (As a Misdemeanor) and one count of Aggravated Assault (Charge Two, Count One) (As a Third Degree Felony), along with its attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. Defendant was acquitted of all other charges and counts. After the reading of the verdicts, Defendant asserted his right to a speedy sentencing, and Sentencing was set for December 5, 2018. On November 16, 2018, Defendant filed a Waiver of Right to a Speedy Sentencing, and Sentencing was rescheduled to February 7, 2019.

On November 26, 2018, Defendant filed a Motion for Acquittal. On December 12, 2018, the Government filed its Opposition, and on December 18, 2018, Defendant filed his Reply. On December 20, 2018, the Court heard additional arguments on the Motion, and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court is to examine whether "the evidence presented at trial in the light most favorable to the People . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Song*, 2012 Guam 21 ¶ 27. *See also People v. Quinata*, 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, . . . the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted).

In this matter, Defendant moves for a judgment of acquittal because the "evidence presented at trial was insufficient to support a rational determination of guilt beyond a reasonable doubt" that Defendant was guilty of the charges because "the Government did not

disprove that [Defendant] acted in self-defense beyond a reasonable doubt." (Mot. at 4, Nov. 26, 2018). The Government opposes, arguing that there was sufficient evidence to prove beyond a reasonable doubt that Defendant committed misdemeanor and felony level assault against the minor victim, A.R., that Defendant was in possession or used a deadly weapon, that is a knife, during the commission of aggravated assault against A.R., and that he did not act in self-defense in committing both misdemeanor and felony level assault A.R. *See generally*, Opp'n, Dec. 12, 2018.

The Court finds that there was sufficient evidence reasonably tending to prove the guilt of Defendant. The Court notes that much of the evidence that came forward at trial required the jury to resolve conflicts and weigh credibility of witnesses. "It is not the province of the court, in determining [a motion for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Song*, 2012 Guam 21 ¶ 29 (citation omitted) (alteration in original). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Id. See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). Here, the Court finds that the testimony of A.R., Ms. Juliet Naes, Ms. Serley Naes, Guam Fire Department Medic Timothy Francisco, Guam Police Department ("GPD") Officer Sarapino Artui, and former GPD Officer Timothy Certeza provided sufficient evidence to support a rational determination that Defendant committed both misdemeanor and felony level assault against A.R. The Court also finds that the testimony of A.R. and Ms. Juliet Naes provided sufficient evidence to support a rational determination that Defendant possessed or used a deadly weapon, that is, a knife, when he committed aggravated assault against A.R. Lastly, the Court finds that the testimony of A.R., Ms. Juliet Naes, C.R., D.J.S., and M.N. provided sufficient evidence to support a rational determination that Defendant did not act in self-defense when he committed the offenses. Accordingly, the Court finds that sufficient

evidence existed to sustain convictions against Defendant, and denies Defendant's Motion for Acquittal.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Acquittal. Sentencing will occur on **February 7, 2019** at **10:00 a.m.** Any sentencing memoranda shall be filed by **February 6, 2019** at **12:00 NOON**.

**IT IS SO ORDERED** this 3rd day of January, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

_AG's, PDSC_

Date 1-23-19 Time 4:45pm

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Kotto*
Case No. CF0655-17
Decision and Order